IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PEDRO LEON, on behalf of | ) | |
| himself and other persons similarly situated | ) | CIVIL ACTION NO. 15-06301 |
| | ) | |
| *Plaintiffs*, | ) | JUDGE CARL J. BARBIER |
| v. | ) | |
| | ) | MAG. JUDGE MICHAEL B. NORTH |
| DIVERSIFIED CONCRETE, LLC. and | ) | |
| RYAN ROGERS and BRADLEY ROGERS | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

_____

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**
_____

Plaintiff Pedro Leon files this Class Action Complaint against defendants Diversified Concrete, LLC. and Ryan Rogers and Bradley Rogers.

## NATURE OF THE ACTION

1.     This is an action by Pedro Leon ("Plaintiff") on behalf of himself and all others similarly situated (the "Overtime Class") to recover unpaid overtime wages.  Plaintiff was employed as a manual laborer by defendants Diversified Concrete, LLC and Ryan Rogers and Bradley Rogers ("Defendants").  While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.     Plaintiff also brings this action on behalf of himself and all others similarly situated (the "Deducted Premiums Class") to recover penalties for the deduction of workers' compensation premiums from Plaintiffs' paychecks.  While working for Defendants, Plaintiff

and the Plaintiff class had worker's compensation premiums deducted from their paychecks in violation of LA Rev Stat § 23:1163.

3.     Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and the Overtime Class. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id.* Additionally, Plaintiff seeks to recover penalties and attorneys' fees on behalf of himself and the Deducted Premiums Class.  LA Rev Stat § 23:1163(D).

## JURISDICTION

4.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

5.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Pedro Leon

6.     Plaintiff Pedro Leon ("Plaintiff Leon") is a resident of Louisiana.

7.     Plaintiff Leon was hired by Defendants in approximately February 2015.

8.     Plaintiff Leon worked for Defendants in Louisiana. Diversified Concrete, LLC ("Diversified") jobsites were populated by approximately 6-8 other Diversified laborers.

9.     Plaintiff Leon worked as a laborer. In connection therewith Plaintiff Leon performed manual labor, including but not limited to: digging, molding, rebar and pouring concrete. Other laborers working for Defendant Diversified had similar duties as his.

10.     When they reported to the job each day, the other laborers and Plaintiff Leon were supervised by a supervisor. Plaintiff Leon's supervisor was an employee of Defendant Diversified.

11.     The supervisor determined when Plaintiff Leon started and stopped work and when he took breaks. Plaintiff Leon supervisor's name was Juan.

12.     Defendants paid Plaintiff Leon $12.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $12.00 per hour.

13.      Plaintiff Leon was paid by check. The checks he received bore the name "Diversified Concrete, LLC". Defendants deducted amounts from each of Plaintiff's paychecks and paid those amounts towards the satisfaction of Defendants' workers' compensation insurance premiums. All of Defendants' employees were paid in the same fashion as the Plaintiff.

14.     Plaintiff Leon often worked more than forty hours per week. On average, he worked fifty hours per week. All the members of his crew worked the same hours he did.

15.     At all relevant times, Plaintiff Leon and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Diversified Concrete, LLC.

16.     Defendant Diversified Concrete, LLC. is a corporation organized under the laws of Louisiana with its principal place of business in Mandeville, Louisiana.

17.     Diversified is a commercial concrete construction company operating within the New Orleans, Baton Rouge, & Mississippi Gulf Coast regions.

18.     Diversified supervised the day to day work activities of the Plaintiff and Plaintiff Class.

19.     Diversified determined Plaintiff's work schedule for the employment at issue herein.

20.     The paychecks that Plaintiff Leon received for the employment at issue herein bore the name "Diversified Concrete, LLC.".

21.     Diversified maintains an employment file for Plaintiff Leon.

22.     Diversified is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23.     Diversified is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

**Defendant Ryan Rogers**

24.     Defendant Ryan Rogers is an Owner, President, Operator, and Director of Defendant Diversified.

25.     At all pertinent times herein Defendant Ryan Rogers had the authority to hire and fire Diversified employees, including Plaintiff Leon herein.

26.     At all pertinent times herein Defendant Ryan Rogers maintained executive authority over the jobs Diversified employees were provided, including the location, duration, and rate-of-pay for those jobs.

**Defendant Bradley Rogers**

4

27.    Defendant Bradley Rogers is an Owner, Operator, and Director of Defendant Diversified.

28.    At all pertinent times herein Defendant Bradley Rogers had the authority to hire and fire Diversified employees, including Plaintiff Leon herein.

29.    At all pertinent times herein Defendant Bradley Rogers maintained executive authority over the jobs Diversified employees were provided, including the location, duration, and rate-of-pay for those jobs.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

30.    Defendants paid Plaintiff Leon by check.

31.    Plaintiff normally worked more than (40) hours a week for the Defendants. Defendants often required Plaintiff Leon to work six days per week.

32.    Defendants never paid Plaintiff Leon one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

33.    Defendants deducted all or a portion of the cost of their worker's compensation insurance premiums from Plaintiff's wages.

34.    Defendants willfully violated Plaintiff's rights—and the rights of similarly situated employees—under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

35.    Defendants paid the named Plaintiff, and other similarly situated employees at an hourly rate for work performed.

36.     Defendants treated the named Plaintiff, and other similarly situated employees as exempt from the FLSA's overtime requirements.

37.     When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

38.     Plaintiff alleges violations of the FLSA as a putative collection action on behalf of himself and also an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

39.     Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least November 2012 and continuing until the present.

40.     As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## Class Violations of Louisiana Revised Statute 23:1163

41.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

42.     Louisiana Revised Statute §23:1163(A) provides:

It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.

43.     Louisiana Revised Statute §23:1163(D) provides:

In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section shall be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars and not more than five thousand dollars payable to the employee and reasonable attorney fees. Restitution shall be ordered up to the amount collected from the employee's wages, salary or other compensation. The award of penalties, attorney fees, and restitution shall have the same force and effect and may be satisfied as a judgment of a district court.

44.     Defendants deducted dollar amounts from the Plaintiff and the Deducted Premiums Class' paychecks and applied those amounts towards the payment of workers compensation insurance premiums, in violation of 23:1163.

45.     Plaintiff brings this action on his own behalf and as a Class Action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed "Class":

> **Class**: Since November 1, 2005 and continuing until the present, all current and former employees of Defendants who had any amount related to the cost of their worker's compensation premiums deducted from their wages, salary, or other type of compensation by Defendants.

46.     Plaintiff brings this action individually and as a class action.  All requirements of the Federal Rules of Civil Procedure are satisfied.

47.     The individuals in the class are so numerous that joinder of all members is impracticable.   Although the precise number of individuals is currently unknown, Plaintiff believes that the number of individuals, during the relevant time period, exceeds 50 individuals.

48.     There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

> a.     Whether Defendants deducted any portion of the cost of worker's compensation insurance from their employees' compensation; and
>
> b.     Whether the members of the Plaintiff Class have a right to recover penalties pursuant to LA Rev Stat § 23:1163 from Defendants.

49.     Plaintiff's claims are typical of those of the Class.  Plaintiff, like other members of the Class, was subject to deductions from his wages for a portion of the Defendants' cost of worker's compensation premiums.   This unlawful conduct was done pursuant to a common practice which affected all class members in the same way.   Plaintiff challenges Defendants' conduct under a legal theory common to all Class members.

50.     Plaintiff and undersigned counsel are adequate representatives of the Class. Plaintiff is a member of the Class. Plaintiff is committed to the prosecution of this action for the benefit of the Class.  Plaintiff does not have interests that are antagonistic to the Class, nor that would cause him to act adversely to the best interests of the Class.  Plaintiff has retained counsel that has the experience necessary to bring this class action.

51.     This action is maintainable as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

52.     This action is maintainable as a class action because questions of law and fact that are common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other methods for the fair and equitable adjudication of this action.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a.  Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.  Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.  Declaring that Defendants' conduct violated the FLSA;

d.  Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e.  Enter an order certifying the Deducted Premiums Class as a class action under FRCP 23, and appointing Plaintiff Pedro Leon as the representative of the Class;

f.  Enter and order appointing Roberto Luis Costales and William H. Beaumont class counsel for both the Overtime Class and the Deducted Premiums Class;

g.  Enter a judgment in favor of Plaintiff and the Deducted Premiums Class and against Defendants for the amount of worker's compensation premiums deducted from their compensation, and assessing civil penalties in favor of Plaintiff and the Deducted Premiums Class and against Defendants of $5,000.00 per Class Member;

h.  Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

i.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j.  Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.


*Respectfully submitted,*


*/s/ Roberto Luis Costales*
_____

Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile:  (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*
_____

William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*Attorneys for Plaintiff*