```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


PEDRO LEON                                  CIVIL ACTION

VERSUS                                      NO: 15-6301

DIVERSIFIED CONCRETE LLC                    SECTION: "J"(5)
ET AL.
```

## ORDER & REASONS

Before the Court is a *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 10)** filed by Plaintiff, Pedro Leon; an opposition thereto (Rec. Doc. 13) filed by Defendants, Diversified Concrete LLC, Ryan Rodgers, and Bradley Rodgers; and Plaintiff's reply (Rec. Doc. 21). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is an action brought by Plaintiff Pedro Leon on behalf of himself and all other similarly situated to recover allegedly unpaid overtime wages for work he performed for Diversified Concrete LLC, Ryan Rodgers, and Bradley Rodgers. Plaintiff filed his Complaint against Defendants on November 24, 2015. (Rec. Doc. 1.) Plaintiff alleges that Diversified Concrete LLC ("Diversified") is a commercial concrete construction company operating within the New Orleans, Baton Rouge, and Mississippi

Gulf Coast regions. *Id.* at 3. Plaintiff alleges that he was hired by Defendants as a laborer in February 2015 to perform work such as digging, molding, and pouring concrete. *Id.* at 2. Plaintiff alleges that he was supervised by a Diversified employee and worked alongside crews of six to eight other Diversified laborers at each jobsite. *Id.*

Plaintiff asserts that Defendants paid him by check at an hourly rate of $12.00 per hour. *Id.* at 3. According to Plaintiff, he and his coworkers often worked more than forty hours per week. *Id.* at 5. However, Plaintiff claims Defendants willfully failed to pay him and other similarly situated employees overtime wages for hours worked in excess of forty per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. *Id.* As a result, Plaintiff seeks to recover unpaid wages, interest, liquidated damages, and reasonable attorney's fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. *Id.* at 1-2. Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id.* at 2.

In addition, Plaintiff filed an Amended Complaint on May 4, 2016, asserting a second cause of action against Defendants on behalf of himself and a putative class to recover penalties for the deduction of workers' compensation premiums from Plaintiff's paychecks. (Rec. Doc. 30.) Plaintiff claims that Defendants

deducted workers' compensation premiums from employees' paychecks in violation of Louisiana Revised Statute § 23:1163. *Id.* at 6-7.

Plaintiff filed the instant *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 10)** on March 29, 2016. Defendants opposed the motion on April 12, 2016. The Court granted Plaintiff leave to file a reply on April 20, 2016. The motion is now before the Court on the briefs.

## PARTIES' ARGUMENTS

Plaintiff seeks to maintain his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and moves the Court to conditionally certify a collective action of Defendants' employees limited to the following:

> All individuals who worked or are working for Diversified Concrete, LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation.

(Rec. Doc. 10-2, at 6.) In conjunction with allowing the FLSA action to proceed collectively, Plaintiff asks the Court to direct Defendants to provide the names, phone numbers, and last known addresses of potential opt-in plaintiffs. *Id.* at 7. Plaintiff also asks the Court to approve a proposed notice to send to the potential opt-in plaintiffs. *Id.*

In support of the motion, Plaintiff relies on the allegations of his Complaint as well as his attached affidavit. Plaintiff

3

argues that this information demonstrates clear violations of the FLSA that are not personal to Plaintiff but rather are part of Defendants' general policy not to pay their employees overtime. *Id.* at 8. Further, Plaintiff argues that this information establishes that there is likely a group of similarly situated individuals entitled to receive notice of this lawsuit. *Id.* at 12.

In response, Defendants contend that Plaintiff's motion should be denied because Plaintiff was not covered by the FLSA and, even if he was, he only worked two and a half hours of overtime and was overpaid. (Rec. Doc. 13.) Defendants first argue that the FLSA does not cover Plaintiff because he never left Louisiana working for Diversified and he did not work with "goods involved in interstate commerce." *Id.* at 6. Second, Defendants assert that Plaintiff only worked in excess of forty hours in a week on two occasions, totaling two and a half hours of overtime. *Id.* at 2-3. Consequently, if Plaintiff is entitled to overtime wages, Defendants argue the most Plaintiff would be due is $16.25 plus liquidated damages.[1] *Id.* at 2. However, Defendants claim that Diversified "gave" Plaintiff an additional check for $200.00 on May 1, 2015, and another $200.00 check on June 6, 2015.[2] *Id.*

---

[1] Defendants claim that Plaintiff was paid at an hourly rate of $13.00 per hour, less a deduction of 0.0917 for workers' compensation premiums. (Rec. Doc. 13, at 2.)

[2] Defendants provide no explanation for these two payments of $200.00. However, questions regarding whether overtime was paid go well beyond the scope of conditional certification at issue in the instant motion and into the merits of Plaintiff's FLSA claim.

4

Therefore, Defendants argue that even if Plaintiff was a covered employee under the FLSA, after offsetting for these extra payments, he actually owes them $367.50. *Id.* In addition, Defendants argue that if Plaintiff's motion is granted, the notified class should be limited to the time period that Plaintiff was employed and the opt-in period should be no more than forty-five days. *Id.* at 7.

## LEGAL STANDARD

Section 207 of the FLSA provides the mandatory parameters for overtime pay. 29 U.S.C. § 207. Section 216(b) of the FLSA affords workers a right of action for violations of these parameters. *Id.* § 216(b). Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." *Id.* To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. *Id.* "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). The notice must be "timely, accurate and informative." *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3 (E.D. La.

5

July 2, 2004). Courts recognize two methods of determining whether plaintiffs are sufficiently "similarly situated" to advance their claims in a single collective action pursuant to § 216(b): the two-stage class certification approach typified by *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988), and the "spurious" class action approach espoused by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).[3] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The Fifth Circuit has expressly refused to endorse either method over the other. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 n.1 (5th Cir. 2010) (citing *Mooney*, 54 F.3d at 1216). However, *Lusardi* is the prevailing approach among the district courts in this circuit and around the country. *See, e.g.*, *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015).

The *Lusardi* approach comprises two stages. *Acevedo*, 600 F.3d at 519; *Mooney*, 54 F.3d at 1213. First, during the "notice stage," the court conducts an initial inquiry of "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo*, 600 F.3d at 519; *accord Mooney*, 54 F.3d at 1213-14. Courts usually

---

[3] Under the *Shushan* approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. *Mooney*, 54 F.3d at 1214.

6

base this decision upon "the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (footnote omitted). Although the standard is lenient, "it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798. If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. *Mooney*, 54 F.3d at 1214. The case then proceeds through discovery as a representative action. *Id.*

The second stage is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available." *Acevedo*, 600 F.3d at 519. At this stage, the court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* If the plaintiffs are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Mooney*, 54 F.3d at 1214.

## DISCUSSION

**A.   Conditional Certification of Collective Action**

The fundamental inquiry presented at the conditional certification stage is whether the named plaintiff and members of

7

the potential collective class are "similarly situated" for purposes of § 216(b). The FLSA does not define the term "similarly situated," and the Fifth Circuit has "not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013) (quoting *Acevedo*, 600 F.3d at 518-19). Rather, this determination requires a fact-intensive, ad hoc analysis. *Id.* at *5; *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008). Although a lenient standard is applied at the notice stage, "the court still requires at least 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan [that violated the FLSA].'" *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8).

"Courts have repeatedly stressed that Plaintiffs must only be similarly—not identically—situated to proceed collectively." *Prejean*, 2013 WL 5960674, at *5 (quoting *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or

practice]." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008). Thus, a court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Id.* at 878. As mentioned above, this determination is usually made based on the pleadings and any affidavits that have been submitted. *Mooney*, 54 F.3d at 1214. In the Fifth Circuit, "there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Lopez v. Hal Collums Constr., LLC*, No. 15-4113, 2015 WL 7302243, at *6 (E.D. La. Nov. 18, 2015) (quoting *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015)). The notice stage "requires the plaintiff to show, at least, that similarly situated individuals *exist*." *Id.* (quoting *Banegas*, 2015 WL 4730734, at *5).

Here, Plaintiff alleges that he normally worked more than forty hours in a week but was never paid overtime wages. Further, Plaintiff alleges that his coworkers also normally worked in excess of forty hours in a week. Plaintiff's declaration, which is attached to the instant motion, provides more detail regarding the allegations in the Complaint, and Plaintiff states that at least one of his coworkers did not receive overtime compensation. (Rec. Doc. 10-3, at 2.) Although Defendants dispute whether Plaintiff normally worked in excess of forty hours per week, they seem to

9

admit that Plaintiff has worked more than forty hours in a week on at least two occasions and was paid at his regular hourly rate for his overtime hours. There is no indication that this decision "relates to specific circumstances personal to the plaintiff." *Xavier*, 585 F. Supp. 2d at 878.

Contrary to Defendants' argument, the fact that Plaintiff might have only worked 2.5 hours of unpaid overtime does not preclude a collective action. In *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court held that when "the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded." 328 U.S. 680, 692 (1946). "The *de minimis* rule provides that an employer, in recording working time, may disregard 'insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes.'" *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1414 (5th Cir. 1990) (quoting 29 C.F.R. § 785.47). The rule applies only where the time involved is "of a few seconds or minutes [in] duration" and where the failure to count such time is "due to considerations justified by industrial realities." 29 C.F.R. § 785.47. Defendants have not explicitly argued that the *de minimis* rule applies, and the Court need not address the merits of a *de minimis* defense during the notice stage of conditional certification.

Further, Defendants argue that Plaintiff is not covered by the FLSA because Diversified is not an enterprise engaged in interstate commerce. Courts in this district have conditionally certified collective actions despite questions about the employment status of the named plaintiff and the potential opt-in plaintiffs. *See, e.g.*, *Prejean*, 2013 WL 5960674, at *7-8; *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *3 (E.D. La. Dec. 30, 2011). The Court "need not decide at this juncture the exact nature of the employment relationship here." *Lang*, 2011 WL 6934607, at *3.

As in other actions where threshold employment questions existed, Plaintiff has alleged enough to satisfy the initial burden at this stage. "The fact that questions remain about the employment status of [the employer] regarding the named plaintiffs and proposed class of plaintiffs will not stop this Court from considering the propriety of conditionally certifying the collective action." *Id.* "*Although courts have later decertified actions because of employment relationship questions, this does not alter the present burden at the conditional certification stage considered here.*" *Id.* (emphasis added) (footnote omitted). Thus, although Defendants have raised possibly legitimate questions about the employment status of Plaintiff and the potential opt-in plaintiffs, such an inquiry is better addressed at the decertification stage after discovery has occurred, when the Court

11

will be in a position to scrutinize all of the evidence in greater detail. *See Prejean*, 2013 WL 5960674, at *8.

In sum, the Court finds that the Complaint and Plaintiff's declaration set forth "substantial allegations that the putative class members were together victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 n.8. The alleged policy of failing to pay employees performing manual labor an overtime rate for work performed in excess of forty hours in a week constitutes a "factual nexus which binds the named plaintiffs and the potential class members together." *Xavier*, 585 F. Supp. 2d at 877-78. Accordingly, Plaintiff has satisfied his lenient burden of showing that there is likely a class of "similarly situated" employees entitled to receive notice. As discovery proceeds, Defendants may move to decertify or modify the conditionally certified FLSA class as defined if appropriate.

**B.   Temporal Scope of Opt-In Class**

Defendants conclude their opposition with a request that the Court limit the temporal scope of the opt-in class receiving notice. Plaintiff contends that the opt-in class should include employees who did not receive overtime during the previous three years. Defendants argue that this collective action should be limited to the time period that Plaintiff was employed, February 2015 through July 2015. Defendants do not provide any rationale for limiting the time span to Plaintiff's period of employment.

Plaintiff chose the three-year period because it coincides with the statute of limitations. The applicable statute of limitations under the FLSA is set forth in 29 U.S.C. § 255. The FLSA requires that the action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a "willful" violation may be commenced within three years. 29 U.S.C. § 255. "Willful" means that "the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "In a collective action, the action is 'commenced' in the case of an opt-in plaintiff on the date a written consent is filed." *Lima*, 493 F. Supp. 2d at 803. Courts within the Fifth Circuit have often held that, given the low standard employed at the first stage of the *Lusardi* approach, and the fact-intensive nature of the question of willful conduct, plaintiffs need not prove willfulness at the notice stage of conditional certification. *See, e.g.*, *Marshall v. Louisiana*, No. 15-1128, 2016 WL 279003, at *11 (E.D. La. Jan. 22, 2016). Because the Court finds that additional discovery will likely reveal whether a three-year statute of limitations is applicable, the Court finds that conditional certification of a three-year class is appropriate at this stage, subject to any motion for decertification following discovery.

**C.    Length of the Opt-In Period**

Plaintiff requests an opt-in period of ninety days. Plaintiff argues that a ninety-day period is reasonable because at least some of Defendants' past employees are non-English speaking and oftentimes the addresses of non-English speaking laborers provided by defendants in FLSA cases are outdated or inaccurate. Without explanation, Defendants argue that a ninety-day period is excessive and argue instead for a period of forty-five days.

Longer opt-in periods have been granted in cases where potential plaintiffs are hard to contact due to their migration or dispersal. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 241 (N.D.N.Y. 2002) (allowing a nine-month opt-in period because the potential plaintiffs were likely to have migrated to other places within North America and other continents). The Court finds that an opt-in period of ninety days is appropriate in this case. *See Lopez*, 2015 WL 7302243, at *7; *Lima*, 493 F. Supp. 2d at 804. This period sufficiently affords the Plaintiff the time needed to locate potential opt-in plaintiffs, but is not so unreasonable as to be overly burdensome or excessive for the Defendants. The opt-in period will begin to run on the date that Defendants provide a complete list of the names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

**D.     Proposed Notice**

Section 216(b) imparts the district court with discretionary authority to facilitate notice to potential plaintiffs. *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g.*, *Banegas*, 2015 WL 4730734, at *6; *Perkins*, 2015 WL 771531, at *5. Plaintiff submitted a proposed notice form along with the instant motion. (Rec. Doc. 10-5.) As noted above, Defendants raised objections to the proposed notice regarding the temporal scope of the opt-in class and the length of the opt-in period. Defendants have not indicated that they have any other concerns with the proposed notice. nor have they requested additional time to confer with Plaintiff and submit to the Court a joint notice. Accordingly, the Court finds that the proposed notice is acceptable for approval, as provided in this Order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 10)** is **GRANTED** as set forth above, and that the above-captioned matter

is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that Notice shall be sent to the following: "All individuals who worked or are working for Diversified Concrete, LLC, during the previous three years and who are eligible for overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and who did not receive full overtime compensation."

**IT IS FURTHER ORDERED** that Defendants shall have fourteen (14) days from the entry of this Order to produce the full names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

**IT IS FURTHER ORDERED** that the time period within which potential opt-in plaintiffs may opt-in is ninety (90) days. The ninety (90) day opt-in period will begin to run on the date that Defendants provide a complete list of the names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

New Orleans, Louisiana, this 13th day of May, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE