UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEDRO LEON, ET AL.                     CIVIL ACTION

VERSUS                                 NO: 15-6301

DIVERSIFIED CONCRETE,                  SECTION: "J"(5)
LLC, ET AL.

## ORDER & REASONS

Before the Court is Plaintiff Pedro Leon's *Motion for Class Certification* **(R. Doc. 66)**, a response thereto filed by Defendants Diversified Concrete, LLC, Ryan Rodgers, and Bradley Rogers (Defendants) **(R. Doc. 67)**, and Plaintiff's reply in opposition to Defendants' response **(R. Doc. 71)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff brought this collective action suit under the Fair Labor Standards Act (FLSA) against his former employer Diversified Concrete, LLC, and Diversified's members, Ryan Rogers and Bradly Rogers, alleging that he and other laborers were not paid overtime wages. (R. Doc. 1.) On May 5, 2016, Plaintiff amended his complaint to add violations of Louisiana Revised Statute § 23:1163. (R. Doc. 30.) Specifically, Plaintiff alleges that Defendants unlawfully deducted workers' compensation premiums from Plaintiff's and other laborers' paychecks. (R. Doc. 30.) On May 13, 2016, this Court

granted Plaintiff's *Motion for Conditional Class Certification* for Plaintiff's proposed FLSA class. (R. Doc. 33.) Plaintiff now seeks to certify a class of all current and former employees of the Defendants, since 2011, who had any amounts deducted from their wages by Defendants to satisfy payment of Defendants' workers' compensation insurance premiums. (R. Doc. 66-1 at 4.) In short, Plaintiff argues that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure are satisfied. *Id.* In response, Defendants argue that this Court should deny Plaintiff's motion because Plaintiff has failed to prove that joinder is impracticable. (R. Doc. 67.) Plaintiff's motion is now before the Court on the briefs and without oral argument.[1]

## PARTIES' ARGUMENTS

### 1.   Plaintiff's Arguments

Plaintiff argues that Defendants violated Louisiana Revised Statute 23:1163 by offsetting the costs of their workers' compensation premiums by deducting those amounts directly from the compensation of their workers. (R. Doc. 66-1 at 3.) Plaintiff argues that the Court should certify a putative class, defined as:

> Since 2011 and continuing until the present, all current and former employees of Defendants who had any amounts deducted from their wages by Defendants to satisfy the payment of Defendants' workers' compensation insurance.

---

[1] Plaintiff's motion also requested that the Court suspend the hearing date on Plaintiff's Motion for Class Certification. (R. Doc. 66 at 1.) Defendants' reply in opposition opposed Plaintiff's request. (R. Doc. 67 at 3.) Plaintiff's reply to Defendants' opposition clarified that Plaintiff's original motion contained an "administrative error" and that Plaintiff is not requesting any postponement of the submission date. (R. Doc. 71 at 3.)

*Id.* at 3-4. Plaintiff argues that joinder is impracticable, that common legal and factual questions are shared amongst the proposed putative class, the claims of Pedro Leon are typical of the claims of the class as a whole, and that Plaintiff's counsel regularly engages in complex collective action litigation. *Id.* at 4-8. Further, Plaintiff argues that the proposed class meets the requirements of Rule 23(b)(3) in that class-wide issues predominate over any individualized issues, and that a class action is the superior method to fairly and efficiently adjudicate this controversy. *Id.* at 9-13. For these reasons, Plaintiff argues that class certification is appropriate.

**2.  Defendants' Arguments**

Defendants only argue that class certification is inappropriate because Plaintiff "has failed to show, and is unable to show, that the class is so numerous that joinder of all members is impracticable." (R. Doc. 67 at 3.) Defendants argue that Plaintiff relies solely on the number of putative class members to satisfy Rule 23's numerosity requirement and fails to address any other factor. *Id.* Further, Defendants argue that the class members should be easy to locate because Plaintiff was provided with the names and addresses of potential members. *Id.* Defendants also argue that the geographic dispersion of the class is relatively small, because all of the proposed members should be residents of

Louisiana. *Id.* For these reasons, Defendants argue that class certification is inappropriate.

## LEGAL STANDARD

Rule 23 governs whether a proposed class falls within the limited exception to "the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Ibe v. Jones*, No. 15-10242, 2016 WL 4729446, at *7 (5th Cir. Sept. 9, 2016) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Four prerequisites must be met by all classes: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 have been satisfied. *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737-38 (5th Cir. 2003).

Under Rule 23(a)(1), certification is only appropriate where "the class is so numerous that joinder of all members is impracticable." "[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981). But, the Fifth Circuit has repeatedly noted that "the number of members in a proposed class is not determinative of whether joinder is impracticable." *In re TWL*

4

*Corp.*, 712 F.3d 886, 894 (5th Cir. 2013) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)). Rather, "a number of facts other than the actual or estimated number of purported class members may be relevant to the 'numerosity' question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Zeidman*, 651 F.2d at 1038.

Pursuant to Rule 23(a)(2), there must be "questions of law or fact common to the class." The Supreme Court has explained that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury.'" *Dukes*, 564 U.S. at 349 (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). Dissimilarities among class members should be considered to determine whether a common question is truly presented. *Id.* at 359. Even a single common question of law or fact can suffice to establish commonality, so long as resolution of that question "will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke" *Id.* at 350, 359.

Rule 23(a)(3) provides that "the claims or defenses of the representative parties [must also be] typical of the claims or defenses of the class." The typicality inquiry rests "less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of legal and remedial theories behind their

claims." *Jenkins v. Raymark Indus. Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Moreover, Rule 23(a)(4) requires the party seeking certification to show that "the representative parties will fairly and adequately protect the interests of the class." This standard "requires the class representatives to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001). The adequacy requirement "also factors in competency and conflicts of class counsel." *Amchem*, 521 U.S. at 626, n. 20.

Nevertheless, class certification is permitted only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "In order to 'predominate,' common issues must constitute a significant part of the individual cases." *Mullen*, 186 F.3d at 626 (quoting *Jenkins*, 782 F.2d at 472). Determining whether legal issues common to the class predominate also requires that the court inquire how the case will be tried. *O'Sullivan*, 319 F.3d at 738. "This entails identifying the substantive issues that

will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *Id.* Generally, individualized damages calculations will not preclude a finding of predominance. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "Where the plaintiffs' damage claims focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential exists that the class action may degenerate in practice into multiple lawsuits separately tried. In such cases, class certification is inappropriate." *O'Sullivan*, 319 F.3d at 744-45.

Finally, a class action must be the superior method for adjudicating the controversy. The district court must compare and "assess the relative advantages of alternative procedures for handling the total controversy." *In re TWL Corp.*, 712 F.3d at 896 (quoting Fed. R. Civ. P. 23(b)(3) Advisory Committee's Note to 1966 Amendment). The superiority analysis is fact-specific and varies depending on the circumstances of each case. *Id.* Among the factors for the court to consider are "(A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the

7

likely difficulties encountered in managing a class action."
*Amchem*, 521 U.S. at 615–616.

## DISCUSSION

Plaintiff seeks restitution, monetary penalties, and attorney's fees for Defendants' alleged violations of Louisiana Revised Statute § 23:1163. (R. Doc. 30 at 6-7.) As a preliminary matter, the Court must determine whether it has the authority to award restitution and civil penalties under Louisiana Revised Statute § 23:1163, as Plaintiff has not cited to any case where the court imposed such damages pursuant to § 23:1163(D). § 23:1163(A) provides:

> It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.

The penalty provision of § 23:1163 provides:

> In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section shall be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars and not more than five thousand dollars payable to the employee and reasonable attorney fees. Restitution shall be ordered up to the amount

> collected from the employee's wages, salary or other
> compensation. The award of penalties, attorney fees, and
> restitution shall have the same force and effect and may
> be satisfied as a judgment of a district court.

La. Rev. Stat. § 23:1163(D). Prior to June 24, 2004, § 23:1163 was only a criminal statute. *See Chevalier v. L.H. Bossier, Inc.*, No. 95-2075, pp. 5-6 (La. 7/2/96); 676 So.2d 1072, 1076. In *Chevalier*, the Louisiana Supreme Court held that a violation of § 23:1163, "a criminal provision containing a clear and explicit penalty provision, [provided] no basis, in and of itself, for recovery by claimant of compensation benefits [for the defendant's] violation of the statute." *Id.* However, in 2004, § 23:1163 was amended and section (D) was added to authorize civil penalties and restitution for the unlawful collection of workers' compensation premiums from employees. The Court was able to locate only one Louisiana decision interpreting § 23:1163(D) after the 2004 amendment. *See Young v. Gulf Coast Carpets*, No. 2004-854, p. 8 (La. App. 3d Cir. 11/17/04); 888 So.2d 1074, 1081. In *Young*, the court found that the defendant secured workers' compensation for the plaintiff, but did so at the plaintiff's cost. *Id.* The court determined that this was a violation of § 23:1163 and stated that, "[the plaintiff's] remedy for the wrongful deduction of workers' compensation benefits lies in a separate non-workers' compensation civil suit." *Id.* (citing *Chevalier*, 676 So.2d 1072). Moreover, the statute provides that "any person violating [§ 23:1163] shall be assessed civil penalties

by the workers' compensation judge of not less than five-hundred dollars and not more than five-thousand dollars <u>payable to the employee</u> and reasonable attorney's fees. Restitution shall be ordered up to the amount collected from the employee's wages, salary or other compensation." La. Rev. Stat. § 23:1163(D). Thus, it appears that this Court is authorized to award Plaintiffs civil penalties, restitution of deducted wages, and attorney's fees if Defendants in fact violated § 23:1163. *See id*.

Now that the Court has determined that it has the authority to award restitution and monetary penalties for violations of § 23:1163, the Court shall address whether it should certify the proposed class of Plaintiffs. Plaintiff bears the burden of demonstrating that all of Rule 23's requirements are satisfied. *O'Sullivan*, 319 F.3d at 737–38. Although Defendants only argued that Plaintiff has not satisfied the numerosity requirement, because it is Plaintiff's burden to demonstrate that all requirements of Rule 23 are satisfied, the Court shall address each requirement in turn.

**1.   Rule 23(a) Requirements**

**a.   Numerosity**

Under Rule 23(a)(1), Plaintiff must demonstrate that the class is so numerous that joinder of all members is impracticable. The number of members in a proposed class is not determinative of whether joinder is impracticable. *Ibe*, 2016 WL 4729446, at *8

10

(quoting *Mullen*, 186 F.3d at 624). The Fifth Circuit "has repeatedly counseled that courts must not focus on sheer numbers alone." *Id.* (quoting *In re TWL Corp.*, 712 F.3d at 894) (internal quotations and citations omitted). The Fifth Circuit has provided other factors that may support finding that joinder of all members is impracticable. *See Mullen*, 186 F.3d at 624-25 (citing *Zeidman*, 651 F.2d at 1038). These factors include: (1) The geographical dispersion of the class; (2) The ease with which the class members may be identified; (3) The nature of the actions; and (4) The size of each plaintiff's claim. *Id.* In the employment context, fear of retaliation is an additional fact that cuts in favor of the numerosity requirement, because such fear might deter plaintiffs from suing individually, making a representative action especially pertinent. *See* 1 William B. Rubenstein, et al., Newberg on Class Actions § 3:12, at 208-09 (5th ed. 2011) (citing *Mullen*, 186 F.3d at 624 (finding numerosity requirement satisfied because "putative class members still employed by the Casino might be reluctant to file individually for fear of workplace retaliation")).

Plaintiff argues that numerosity is satisfied because the class consists of at least one-hundred and eighteen (118) members and many of the members cannot be easily located. (R. Doc. 66-1 at 5; R. Doc. 71 at 1-2.) Although Plaintiff admits that many of the members can be easily identified through Defendants' payroll records, R. Doc. 66-1 at 5, Plaintiff alleges that many of the

members' addresses are missing street or apartment numbers, while
other members' addresses are unknown, R. Doc. 71 at 1-2.[2] Plaintiff
also argues that Defendants continue to deduct wages of newly hired
workers classified as "independent contractors," and thus it is
impracticable to join class members who are not yet ascertainable.
*Id.* at 2. Finally, because this is an employment action, Defendants
argue many class members may be reluctant to file actions
individually in fear of retribution. *Id.* at 2-3.

The Court finds that Plaintiff has satisfied his burden of
proving joinder of all members is impracticable. First, the
proposed class of 118 members is within the range that generally
satisfies the numerosity requirement. *Mullen*, 186 F.3d at 624
("[T]he size of the class in this case—100 to 150 members—is within
the range that generally satisfies the numerosity requirement."").
Second, while the members may be identified easily, Plaintiff has
already demonstrated the practical difficulty of locating many of
the potential members. *See Colindres v. QuitFlex Mfg.*, 235 F.R.D.
347, 373 (S.D. Tex. 2006) (finding difficulty of locating members
of the class weighed in favor of numerosity). Finally, several of
the potential class members may still be employed by Defendants
and be hesitant to file actions individually for fear of
retribution. *See Mullen*, 186 F.2d at 624. For these reasons, the

---

[2] Plaintiff also claims that forty-six of the FLSA notice forms have been
returned as undeliverable. (R. Doc. 71 at 2 n. 5.)

Court finds that Plaintiff has satisfied his burden of proving that joinder of all members is impracticable.

   **b.   Commonality**

   Under Rule 23(a)(2), Plaintiff must demonstrate that questions of law or fact are common to the class. Commonality requires Plaintiff to demonstrate that the class members have suffered the same injury. *Dukes*, 564 U.S. at 349. "The test for commonality is not demanding and is met 'where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" *Mullen*, 186 F.2d at 625 (quoting *Lightbourn v. Cnty of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)). Plaintiff alleges that all members of the class have suffered the same injury—unlawful deductions of wages by Defendants for workers' compensation premiums. (R. Doc. 66-1 at 6.) Thus, the following issues of law and fact, *inter alia*, will affect all or a significant number of the putative class members: (1) Whether Defendants deducted money from class members' paychecks to pay towards Defendant's worker's compensation insurance; and (2) Whether class members are "employees" or "independent contractors" for purposes of Louisiana Revised Statute § 23:1163. Defendants provided no argument in opposition. Accordingly, the Court finds that Plaintiff has satisfied his burden of proving commonality.

### c.   Typicality

Under Rule 23(a)(3), Plaintiff must prove that the claims or defenses of the representative parties are typical of the claims or defenses of the class. "Like commonality, the test for typicality is not demanding." *Mullen*, 186 F.3d at 625. Typicality focuses on the general similarity of the legal and remedial theories behind plaintiffs' claims. *Lightbourn*, 118 F.3d at 426. Courts have found typicality if the claims or defenses of the representatives and the members of the class stem from a single event or a unitary course of conduct, or if they are based on the same legal or remedial theory. *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 310 F.R.D. 300, 310 (E.D. La. 2015). In this case, the named Plaintiff's and the proposed class members' legal and remedial theories are the same—Defendants unlawfully deducted wages to pay towards workers' compensation payments. Again, Defendants do not present any argument in opposition. Accordingly, the Court finds that Plaintiff has satisfied his burden of proving typicality.

### d.   Adequacy of Representation

Under Rule 23(a)(4), Plaintiff must prove that "the representative parties will fairly and adequately protect the interests of the class." "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625 (citing

14

*Falcon*, 457 U.S. at 158, n. 13). Class representatives "must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625–26 (citations and internal quotation marks omitted). The adequacy requirement "also factors in competency and conflicts of class counsel." *Id.* at 626 n. 20. Courts also consider whether the named plaintiff has a sufficient stake in the outcome of the litigation, or has interests antagonistic to the class members. *See Jenkins*, 782 F.3d at 472. Plaintiff argues that its counsel is competent to handle the case as it regularly engages in complex class-based litigation, and that there are no conflicts between Plaintiff and the class he seeks to represent which would undermine adequate representation. (R. Doc. 66-1 at 8.) Plaintiff argues that he and the class share the same interest in recovering the sums deducted from their wages as well as the other damages listed in § 23:1163(D). *Id.* Once again, Defendants have provided no argument in opposition. The Court finds that Plaintiff will fairly and adequately protect the interests of the class.

**2.   Rule 23(b)(3) Requirements**

**a.   Whether Questions of Law or Fact Predominate**

Plaintiff asserts that the proposed class meets the requirements of Rule 23(b)(3). (R. Doc. 66-1 at 8.) For a Rule 23(b)(3) class to be certified, "the questions of law or fact common to class members [must] predominate over any questions

15

affecting only individual members." The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Crutchfield v. Sewerage and Water Bd. of New Orleans*, 829 F.3d 370, 376 (5th Cir. 2016) (quoting *Amchem*, 521 U.S. at 623). The predominance inquiry requires the court to identify the substantive issues that will control the outcome of the litigation, assess which issues will predominate, and then determine whether the issues are common to the class. *O'Sullivan*, 319 F.3d at 738. The Fifth Circuit has explained that,

> [A]n individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof. When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members. At bottom, the inquiry requires the trial court to weigh common issues against individual ones and determine which category is likely to be the focus of a trial.

*Crutchfield*, 829 F.3d at 376 (internal quotations and citations omitted).

Plaintiff seeks to prove that Defendants violated § 23:1163 by unlawfully deducting wages from its laborers to pay toward workers' compensation premiums. One of the key substantive issues that will control whether Defendants violated § 23:1163 is whether

16

Plaintiff and the class members are defined as "employees" or "independent contractors," because Louisiana law only makes it unlawful for an employer to deduct wages for workers' compensation from its "employees." *See* La. Rev. Stat. § 23:1163.[3] Another key substantive issue is whether Plaintiff and the class members spend a substantial part of their work time performing manual labor, because under Louisiana Revised Statute § 23:1021, independent contractors are treated as employees if a substantial part of their work time is spent performing manual labor. *See Mullen v. R.A.M. Enters.*, No. 2002-1157 (La. App. 1 Cir. 3/28/03); 844 So.2d 376. Thus, even if some of the putative class members were in fact "independent contractors," they may still receive protections under the Louisiana workers' compensation statute. *Id.*

Plaintiff argues that all class members performed manual labor and that their duties are or were comprised of pouring concrete, breaking down forms, and setting rebar. *See* (R. Doc. 66-7 at 2) (explaining that Diversified Concrete's workers "put the

---

[3] Although "employee" is not defined within the Chapter, Louisiana Revised Statute 23:1021(7) defines "independent contractor" as:

. . . [A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.

17

bars down, the rebar down, . . . the form down, . . . and the cement down"). If all class members performed the same duties and are defined as "employees" or "exempt independent contractors," and Defendant in fact unlawfully deducted workers' wages to pay toward workers' compensation premiums, then each class member may be entitled to restitution of deducted wages and a monetary award between $500 and $5,000. *See* La. Rev. Stat. 23:1163(D). Plaintiff further claims that the class's restitution damages can be proven by Defendants' payroll records, which allegedly reveal that Defendants' deducted approximately nine percent from the pay of every worker Defendants classified as independent contractors. *See* (R. Doc. 66-1 at 11; R. Doc. 66-8, at 22-23.) Plaintiff claims that civil penalties may be determined on a class-wide basis because Defendants employed a uniform policy of deducting workers' compensation premiums at the same rate from independent contractors. Thus, Plaintiff claims that there is "nothing specific to any class members' claim that would warrant an upward or downward modification of the statutory damage award." *Id.* at 12. Because the Defendants did not provide any argument in opposition, and assuming that all potential class members are manual laborers whose duties consist of pouring concrete, breaking down forms, and setting rebar, the common issues of law and fact can be resolved using class-wide evidence. Accordingly, the Court concludes that Plaintiff has proven questions of law and fact

common to class members predominate over any individual questions affecting the class.[4]

### b.     Whether a Class Action is the Superior Form of Adjudication

For a class to be certified under Rule 23(b)(3), a court must not only find that questions of law or fact common to class members predominate over any questions affecting only individual members, but also that a class action is a superior method for adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) lists four illustrative factors to help guide courts in determining whether the advantages of aggregation are present. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D). These factors include:

(A) Class members' interests in individually controlling their own litigation;
(B) The extent and nature of any already-pending litigation concerning the controversy;
(C) The desirability of concentrating claims in one judicial forum; and

---

[4] Generally, the determination of whether a laborer is characterized as an "employee" or an "independent contractor" for purposes of Louisiana Revised Statute § 23:1163 is an individual inquiry determined on a case-by-case basis. *Guillory v. Overland Express Co.*, No. 01-419, p. 3 (La. App. 3 Cir. 10/3/01); 796 So.2d 887, 889 (citing *Fontenot v. J.K. Richard Trucking*, No. 97-220, p. 7 (La. App. 3 Cir. 6/4/97); 696 So.2d 176, 180); *Whitlow v. The Shreveport Times*, No. 2002-1215, p. 3-4 (La. App. 3 Cir. 4/23/03); 843 So.2d 665; 668 (noting conditions that must be met for there to be a principal and independent contractor relationship). However, in this case, Plaintiff alleges that <u>all class members</u> performed manual labor which was essentially comprised building concrete structures such as sidewalks and driveways. *See* (R. Doc. 66-3.) Because Defendants have not provided any information to the contrary, the Court concludes that common questions of law and fact, i.e., whether Plaintiff and class members are defined as employees or independent contractors for purposes of § 23:1163, and whether Plaintiff and class members performed "manual labor," predominate over any individual questions.

     (D) Potential problems that could arise in managing the case as a class suit.

*See id.; see also Amchem*, 521 U.S. at 615. Plaintiff argues that a class action is superior to litigating these matters individually, because "liability can be established using representative testimony and class-wide proof, and thus the action can be managed efficiently." (R. Doc. 66-1 at 13.) Because this Court has already conditionally certified an FLSA overtime class in this case, (R. Doc. 33), Plaintiff claims that the class definitions will be "nearly identical" and issues will be resolved using similar evidence. *Id.*

The Fifth Circuit has recognized that class actions are superior methods of adjudication when individually pursuing the claim may result in a "negative value" suit, *i.e.*, where the possible recovery is less than the cost of bringing suit. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996); *Amchem*, 521 U.S. at 617 (finding that small individual recovery supports superiority). The statutory penalty for the improper deduction of workers' compensation benefits from employees ranges from $500 to $5,000. La. Rev. Stat. § 23:1163(D). Further, it is alleged that Defendants deducted approximately nine percent of "independent contractors" wages for workers' compensation premiums. Thus, some members may receive awards just over $500. Also, the claims at issue are not personal injury claims, thus the class members are

unlikely to have a substantial interest in controlling their own litigation individually. *Cf. In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. 128, 142 (E.D. La. 2009) (noting that class members' individual control over litigation matters most when absent class members have personal injury claims). Finally, the Court is unaware of any pending litigation concerning this controversy or any potential problems that could arise in managing the case as a class suit. The Court concludes that maintaining this suit as a class action is the superior method of adjudication, and that Plaintiff has satisfied his burden of proving Rule 23(b)(3)'s requirements for class certification.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Class Certification* **(R. Doc. 66)** is **GRANTED**. The class shall consist of all current and former employees of Defendants, from 2011 to present, who have had amounts deducted from their wages by Defendants for payment of Defendants' workers' compensation insurance premiums.

New Orleans, Louisiana this 25th day of October, 2016.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

21