UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEDRO LEON                                        CIVIL ACTION

VERSUS                                            NO: 15-6301

DIVERSIFIED CONCRETE,                             SECTION: "J"(5)
LLC, ET AL.

### ORDER & REASONS

Before the Court is Defendants Ryan and Bradley Rogers' (Defendants) *Motion for Summary Judgment* **(R. Doc. 75)** and a reply thereto filed by Plaintiff, Pedro Leon **(R. Doc. 76)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff brought this collective action suit under the Fair Labor Standards Act (FLSA) against his former employer Diversified Concrete, LLC (Diversified), and Diversified's members, Ryan Rogers and Bradly Rogers. Plaintiff alleges that he and other laborers were not paid overtime wages for time worked in excess of forty hours per week. (R. Doc. 1.) On May 5, 2016, Plaintiff amended his complaint to add violations of Louisiana Revised Statute § 23:1163. (R. Doc. 30.) Plaintiff alleges that Defendants unlawfully deducted workers' compensation premiums from his and other laborers' paychecks. *Id.* On May 13, 2016, this Court granted Plaintiff's *Motion for Conditional Class Certification* for

1

Plaintiff's proposed FLSA class. (R. Doc. 33.) On October 26, 2016, this Court granted Plaintiff's motion to certify a class of employees from whom Defendants allegedly deducted wages to pay toward workers' compensation premiums. (R. Doc. 74.) Defendants now ask this Court to dismiss Defendants Ryan Rogers and Bradley Rogers from this lawsuit. (R. Doc. 75.) In short, Defendants argue that, as members of Diversified Concrete, LLC, Ryan and Bradley Rogers cannot be held personally liable for Diversified's violations of Louisiana Revised Statute § 23:1163. *Id.* Defendants' *Motion for Summary Judgment* is now before the Court on the briefs and without oral argument.

### PARTIES' ARGUMENTS

**1.   Defendants' Arguments**

Ryan and Bradley Rogers argue that they cannot be held personally liable for any alleged violations of Louisiana Revised Statute § 23:1163, because Diversified Concrete, LLC is a separate and distinct juridical person from its members. (R. Doc. 75-2 at 4.) Defendants argue that the company, not Ryan and Bradley Rogers personally, entered into agreements with its workers to provide labor to complete construction projects. *Id.* Further, Defendants argue that the company, not Ryan and Bradley Rogers personally, deducted wages to pay toward workers' compensation premiums. Thus, Defendants argue that they cannot be held personally liable for the debts, obligations, or liabilities of the company. *Id.* at 5.

For these reasons, Defendants argue that Plaintiffs' claims under Louisiana Revised Statute § 23:1163 against Ryan and Bradley Rogers, personally, should be dismissed. *Id.*

### 2. Plaintiffs' Arguments

Plaintiff argues that the plain wording of Louisiana Revised Statute § 23:1163 "contemplates and provides for personal liability." (R. Doc. 76 at 1.) Plaintiff further argues that the deposition testimony of Diversified's employee, Kelli Jakes, proves that Ryan and Bradley Rogers made the decision to deduct workers' compensation premiums from their hourly employees' pay. *Id.* at 2. Further, Plaintiff argues that Louisiana jurisprudence does not shield owners of companies who improperly deduct workers' compensation premiums from individual liability. *Id.* Finally, because Bradley Rogers personally supervised Diversified's employees during construction projects, set their work schedules, and handled their timesheets, Plaintiff argues that Defendant's motion for summary judgment should be denied.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the

4

record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The Court shall first address whether the plain language of Louisiana Revised Statute § 23:1163 contemplates and provides for personal liability for members of a limited liability company. The fundamental question in all cases involving statutory interpretation is legislative intent. *City of DeQuincy v. Henry*, 2010-0070, p. 3 (La. 3/15/11); 62 So. 3d 43, 46. Further, the interpretation of any statutory provision begins with the language of the statute itself. *In re Succession of Faget*, 10-0188, p. 8 (La. 11/30/10); 53 So. 3d 414, 420. The Louisiana Supreme Court dictates that "when a provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used." *Arabie v. CITGO Petroleum Corp.*, 2010-2605, p. 5 (La. 3/13/12); 89 So. 3d 307, 312-13 (quoting *McGlothlin v.*

*Christus St. Patrick Hosp.*, 2010-2775 (La. 7/1/2011); 65 So. 3d 1218, 1228-29 (citations omitted)). Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. *Id.*

Louisiana Revised Statute § 23:1163 provides:

A. It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.

B. Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this state to engage in the liability insurance business. In addition, nothing herein shall be construed to prevent an independent contractor who is a sole proprietor and who has elected by written agreement not to be covered by the provisions of this Chapter in accordance with R.S. 23:1035 from entering into a contract with his principal pursuant to which the independent contractor is responsible for securing insurance or self-insurance for the benefits provided pursuant to this Chapter or to reduce payments to the independent contractor for coverage of the independent contractor or his employees pursuant to a contract, nor shall it be a violation of this Section if a principal has agreed to provide workers' compensation insurance to all contractors working under a contract with the principal and for the cost of this coverage to be a consideration in the contract between the principal and the contractors.

6

> C. Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned with or without hard labor for not more than one year, or both.
>
> D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section shall be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars and not more than five thousand dollars payable to the employee and reasonable attorney fees. Restitution shall be ordered up to the amount collected from the employee's wages, salary or other compensation. The award of penalties, attorney fees, and restitution shall have the same force and effect and may be satisfied as a judgment of a district court.

As explained in this Court's previous Order and Reasons (R. Doc. 74), prior to June 24, 2004, § 23:1163 was only a criminal statute. *See* 2004 La. Sess. Law Serv. Act 416 (H.B. 821); *see also Chevalier v. L.H. Bossier, Inc.*, No. 95-2075, pp. 5-6 (La. 7/2/96); 676 So.2d 1072, 1076. In *Chevalier*, the Louisiana Supreme Court held that a violation of § 23:1163, "a criminal provision containing a clear and explicit penalty provision, [provided] no basis, in and of itself, for recovery by claimant of compensation benefits [for the defendant's] violation of the statute." *Id*. However, in 2004, § 23:1163 was amended and section (D) was added to authorize civil penalties and restitution for the unlawful collection of workers' compensation premiums from employees. The plain language of § 23:1163 (D) makes clear that § 23:1163(A)-(C) are strictly criminal

provisions.[1] Because this is a civil suit, the pertinent language for this Court to interpret is § 23:1163 (D) which provides that "any <u>person</u> violating the provisions of [§ 23:1163] shall be assessed civil penalties. . . ." La. Rev. Stat. § 23:1163(D) (emphasis added).

"[A]s a general proposition, the law considers a [limited liability company] and the member(s) comprising the [limited liability company], as being wholly separate <u>persons</u>." *Oega v. Merritt*, 2013-1085, p. 6 (La. 12/10/13); 130 So. 3d 888, 894-95 (emphasis added) (citing La. Civ. Code art. 24). The liability of a limited liability company's members and managers is governed by Louisiana Revised Statute § 12:1320, which provides:

> . . . (B) Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company. . . . (D) Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any

---

[1] § 23:1163(A) provides that it shall be "unlawful" to deduct from employees' wages for workers' compensation premiums. Further, § 23:1163(C) provides that "whoever violates any provision of this Section shall be fined not more than five hundred dollars, or <u>imprisoned</u> with or without hard labor for not more than one year, or both." La. Rev. Stat. § 23:1163(C) (emphasis added). Thus, section (C) speaks only of criminal penalties. Finally, the addition of § 23:1163(D) in 2004 clarified that § 23:1163(C) is a criminal penalty provision, and that section (D) is the relevant provision for civil penalties in a civil suit. La. Rev. Stat. § 23:1163(D) ("In addition to the criminal penalties provided for in Subsection C of this Section . . ."); *see also Young v. Gulf Coast Carpets*, 2004-854, p. 8 (La. App. 3d Cir. 11/17/04); 888 So.2d 1074, 1081 ("[A plaintiff's] remedy for the wrongful deduction of workers' compensation benefits lies in a separate non-workers' compensation civil suit.").

8

> right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

La. Rev. Stat. § 12:1320. Thus, in general, members of a limited liability company are not liable for the debts, obligations, or liabilities of the limited liability company. La. Rev. Stat. § 12:1320(B). However, § 12:1320(D) is the exception to the general protection afforded to members of a limited liability company in instances of fraud, breach of a professional duty, or negligent or wrongful acts. La. Rev. Stat. § 12:1320(D); *Oega*, 130 So. 3d at 897. Plaintiff has not argued, nor does the Court find, that the fraud exception to limited liability applies in this case. Specifically, Plaintiff has not argued that Defendants misrepresented or suppressed the truth with the intention of either obtaining an unjust advantage or to cause a loss or inconvenience. *See* La. Civ. Code art. 1953. Moreover, Plaintiff has not argued, nor does the Court find, that the professional duty exception applies in this case. *See Oega*, 130 So. 3d at 898-99 (listing dental, accounting, chiropractic, nursing, architectural, optometry, psychology, veterinary medicine, and architectural engineering professions as examples of professions subject to the "professional duty" exception). Thus, if the "negligent or wrongful act" exception does not apply to impose personal liability on Ryan and Bradley Rogers, Plaintiffs' claims against them, personally, must be dismissed.

The Louisiana Supreme Court developed a four-factor test to determine whether a member of a limited liability company is subject to personal liability under the "negligent or wrongful act" exception. *Id.* at 900. The four factors include:

1) whether a member's conduct could be fairly characterized as a traditionally recognized tort;
2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable;
3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and
4) whether the conduct at issue was done outside the member's capacity as a member.

*Id.* Courts are to "evaluate each situation on a case-by-case basis and consider each of the four factors when determining whether the general rule of limited liability must yield to the exception for a members' 'negligent or wrongful act.'" *Id.* at 905.

The first factor is whether Ryan and Bradley Rogers' conduct can be fairly characterized as a traditionally recognized tort. "[I]f a traditional tort has been committed against any cognizable victim(s), that situation weighs in favor of the 'negligent or wrongful act' exception and in favor of allowing the victim(s) to recover against the individual tortfeasor(s)." *Id.* at 901. *Oega* described the "oft-commented example" of a traditionally recognized tort where a contractor commits a personal injury while driving. *Id.* at 905. Deducting wages to pay toward workers' compensation premiums is vastly different than the example

provided in *Oega*. 130 So. 3d. at 901. Accordingly, the Court finds that deducting workers' compensation premiums is not a "traditionally recognized tort," and that this factor weighs against a finding of personal liability.

The second factor is whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable. *Id.* at 900-01. The plain language of Louisiana Revised Statute § 23:1163(A) makes clear that it is "unlawful for any employer or his agent or representative" to collect from his employees' wages to pay for workers' compensation premiums. La. Rev. Stat. § 23:1163(A). Accordingly, this factor weighs in favor of finding personal liability. *Oega*, 130 So. 3d at 902.

The third factor is whether the member's conduct was in furtherance of a contract between the claimant and the limited liability company. *Id.* at 904. The court in *Oega* made clear that "if the reason a member is engaged in the conduct at issue is to satisfy a contractual obligation of the [limited liability company], then the member should more likely qualify for the protections of the general rule of limited liability in [Louisiana Revised Statute § 12:1320(B)]." *Id.* at 904. It is clear that the conduct at issue—deducting wages to pay towards workers' compensation premiums—was in furtherance of Diversified's, not Ryan and Bradley Rogers' personal, obligation to provide workers

11

compensation benefits to its workers. Accordingly, this factor weighs against a finding of personal liability. *Id.* at 904, 906.

The final factor is whether the conduct at issue was done outside the member's capacity as a member of the limited liability company. Plaintiff argues that both Ryan and Bradley Rogers decided to deduct workers' compensation premiums from their hourly employees' pay. (R. Doc. 76 at 2.) Further, Plaintiff asserts that "Bradley Rogers personally supervised Diversified employees in the field, set their work schedules, and handled their timesheets." *Id.* Defendants argue that Ryan and Bradley Rogers never personally collected money from Plaintiffs', or any other workers', pay. Rather, the company "takes the money from the worker and pays the premium. It is the company that is acting and it is the company, and the company alone [,] that should owe whatever may be due for violating the statute." (R. Doc. 75-2 at 5.) In examining this factor, the Louisiana Supreme Court explained:

> The Civil Code suggests an example of when a person might act outside the capacity of a member of an LLC and, thereby, undertake a "personal duty," the negligent or wrongful breach of which could subject the member to personal liability. For example, in a purely personal capacity, a member might become a "mandatary" for the claimant. *See* La. C.C. art. 2989 ("A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal."). If a member becomes a mandatary and breaches the member's duties to the principal, such a situation would weigh in favor of finding that the member acted outside the capacity of an LLC and, therefore, may be personally liable for the breach. *See* La. C.C. art. 1757 ("Obligations . . . also

12

> arise directly from the law, regardless of a declaration of will, in instances such as wrongful acts [and] the management of the affairs of another. . . . ").
>
> More typical than a member becoming a mandatary for the claimant, according to commentators, is the situation in which an individual fails to act "inside" the structure of the business entity when confecting a contract. "[I]n a small business setting . . . it is fairly common for shareholders to act in representative capacities on behalf of their closely-held corporations (as officers, agents or employees) without formally disclosing to the third party that [it] is this capacity in which they are acting." [] Consequently, the individual is considered "an undisclosed agent personally liable for the contracts that he negotiates on his principal's behalf." *Id.; see also Id.*, § 44.06 (reasoning the same rule should apply to members of an LLC). While this situation directly implicates contract law, it is nevertheless an example of acting "outside" the structure of an LLC. Because this situation implicates the law of mandate in the Civil Code and because of the prevalence in the jurisprudence of the distinction of acting "inside" or "outside" of the LLC, we adopt the "inside/outside" inquiry as one of the factors to be considered.

*Oega*, 130 So. 3d at 904-05 (internal citations omitted).

The deposition testimony of Ms. Kelli Jakes reveals that the decision to deduct workers' wages to pay toward workers' compensation premiums was made by Ryan and Bradley Rogers in their official capacity as members of the company. *See* (R. Doc. 76-1 at 4.) Specifically, Ms. Jakes testified that the decision was a group decision that included Ms. Jakes, and was based on the belief that deducting such premiums was "the normal business operating practice." *Id.* at 4. In other words, the members of the company, acting "inside the structure of the business entity," made a

business decision to deduct these premiums. Accordingly, this factor weighs against finding personal liability.

In conclusion, the Court finds that Plaintiffs' § 23:1163 claims against Defendants Ryan and Bradley Rogers, personally, should be dismissed. The Court has not found, nor have the parties cited, a single case where a member of a limited liability company was held personally liable under Louisiana Revised Statute § 23:1163, and the facts of this case do not warrant a finding of personal liability. Ryan and Bradley Rogers were acting in their official capacity as members of Diversified Concrete, LLC when they decided to deduct wages to pay toward workers' compensation premiums.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ryan and Bradley Rogers' *Motion for Summary Judgment* **(R. Doc. 75)** is **GRANTED**. Plaintiffs' claims under Louisiana Revised Statute § 12:1163 against Defendants Ryan Rogers and Bradley Rogers, personally, are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 5th day of December, 2016.

                                              CARL J. BARBIER
                                              UNITED STATES DISTRICT JUDGE